IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| P. S. PRODUCTS, INC., and<br>BILLY PENNINGTON, Individually, | * | |
| Plaintiffs, | * | |
| vs. | * | No. 4:12CV00214 SWW |
| MAXSELL CORPORATION and<br>VITO CONFINO, Individually, | * | |
| Defendants. | * | |

**Memorandum Opinion and Order**

Before the Court is a motion to dismiss to which plaintiffs responded in opposition. Plaintiffs also moved to strike the motion. Also pending before the Court is plaintiffs' second motion for default judgment against separate defendant Maxsell Corporation ("Maxsell") to which Maxsell failed to timely respond. For the reasons stated below, the Court denies the motion to dismiss and grants the motion for default judgment.

**Background**

This is a patent infringement case brought by P. S. Products, Inc., and its president, Billy Pennington, against Maxsell and its president, Vico Confino. Plaintiffs allege they own the patent for a stun gun which they manufacture and distribute throughout the United States. The Blast Knuckle Stun Gun is plaintiffs' most sought after and sold product. Plaintiffs claim defendants own and operate three websites on which they sell an illegal copy of plaintiffs' stun gun. Plaintiffs also allege defendants sell the illegal product through a catalog, *Combat Handguns*, which is distributed throughout the United States. Plaintiffs allege that on February

17, 2012, defendants filled an order and shipped one of the illegal products to an individual in Arkansas. Plaintiffs state they have complied with the statutory requirements of placing notice and mailing notice of the Letter of Patent on the stun guns they manufacture and sell, and have given defendants written notice of the infringement.

On June 22, 2012, the Court denied plaintiffs' motion for a default judgment after Confino filed a response on behalf of himself and Maxsell. The Court informed defendants that a corporation may not proceed *pro se* and directed defendants to answer the complaint within twenty-one days. On July 5, 2012, Confino filed a pleading which he described as a response to the Court's June 22 Order. Mr. Confino said his insurance company refused to defend him and set forth his attempts to settle the matter. He signed his name to the pleading, as President, Maxsell Corporation.[1]

On July 11, 2012, "defendant Vico Confino Maxsell Corporation," filed a motion to dismiss on the basis of lack of personal jurisdiction and failure to state a claim.[2] Plaintiffs filed a motion to strike the response Confino filed on July 5, 2012, as well as his motion to dismiss. Plaintiffs argue it appears Confino filed the pleadings in his capacity as president of Maxsell and not individually. As the Court explained in the June 22 Order, Maxsell must be represented by licensed counsel; Confino cannot represent the corporation. Because Maxsell failed to follow the Court's Order, failed to obtain licensed counsel, and failed to file an answer, plaintiffs move to strike the response filed on July 5 and the motion to dismiss filed on July 11. In the alternative, plaintiffs argue that if the Court treats the motion to dismiss as having been filed by

[1]Docket entry 11.

[2]Docket entry 12.

Confino in his individual capacity, the motion should be denied.

**Discussion**

Mr. Confino argues plaintiffs' complaint should be dismissed for lack of personal jurisdiction because he made only two sales in Arkansas. In the alternative, he asks the Court to transfer the case to Florida where he resides. Mr. Confino also moves the Court to dismiss plaintiffs' complaint for failure to state a claim.

**1. Personal Jurisdiction**

In order to defeat a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, a plaintiff need only make a prima facie showing of jurisdiction. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.* , 946 F.2d 1384, 1387 (8th Cir. 1991). A complaint should not be dismissed for lack of personal jurisdiction before trial where there exists a genuine issue of material fact as to jurisdiction. *Radaszewski v. Telecom Corp.*, 981 F.2d 305, 310 (8th Cir. 1992). Jurisdiction need not be proved by a preponderance of the evidence until trial. *Dakota*, 946 F.2d at 1387. In determining whether personal jurisdiction exists, a court first examines whether the exercise of jurisdiction is proper under the forum state's long arm statute. *Id.* If proper under the long arm statute, the court then examines whether the exercise of personal jurisdiction comports with due process. *Id.*

Arkansas' long arm statute provides: "The courts of this state shall have personal jurisdiction of all persons, and all causes of action or claims of relief, to the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of the United States Constitution." Ark. Code Ann. § 16-4-101(B). Therefore, this Court must examine whether the exercise of personal jurisdiction over a defendant comports with due process. In the Eighth

Circuit, this involves consideration of five factors: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." *Dakota*, 946 F.2d at 1390. "Of these factors, the first three are the most important." *Id.* Due process requires a defendant to have such minimum contacts with the forum state that the maintenance of a suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

For purposes of specific jurisdiction, the Court must consider whether Confino had sufficient minimum contacts with Arkansas to subject himself to jurisdiction. The Court must examine the facts in the light most favorable to plaintiffs, the non-moving parties, and resolve factual disputes in favor of plaintiffs. Plaintiffs assert Confino owns and controls three websites that advertise and sell an illegal copy of their stun gun.

In *Lakin v. Prudential Securities, Inc.*, 348 F.3d 704, 711 (8th Cir. 2003), the Eighth Circuit agreed that the analytical model set out in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119 (W.D.Pa. 1997), is appropriate in considering whether a website could provide sufficient contacts for specific personal jurisdiction.

> [T]he [*Zippo*] court created a 'sliding scale' to measure the likelihood of personal jurisdiction. It noted:
>
> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that

> does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

*Lakin*, 348 F.3d at 710-11, quoting *Zippo*, 952 F.Supp. at 1124.

It is not in dispute that Confino's company's websites are accessible to residents of Arkansas via the Internet. Plaintiffs attached copies of the Web site www.maxsell.com which show the allegedly illegal copy of plaintiffs' product for sale and they cite one occasion where defendants sent an illegal product to Arkansas. Mr. Confino admits two sales to Arkansas. The Court finds that under the *Zippo* test, the nature and quality of contacts with Arkansas weigh in favor of exercising personal jurisdiction. Mr. Confino has purposefully availed himself of the privilege of conducting business in the State of Arkansas by setting up a website by which residents of Arkansas can and allegedly did purchase alleged copies of products patented by plaintiffs. The Court further finds that the websites offer continuous contacts with Arkansas and those contacts are closely related to the subject matter of this action. Arkansas has an interest in providing a forum to citizens whose patents have been infringed, and it is convenient for plaintiffs, who were organized and have their principal headquarters in the State of Arkansas, to litigate this action in Arkansas.

In the alternative, Confino moves to transfer venue of this action to Florida because that is where he lives and only two sales were made in Arkansas. Plaintiffs oppose such transfer. "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a

transfer is warranted." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997). Considering the convenience of parties, the convenience of the witnesses, and the interest of justice, the Court finds Confino fails to establish that transfer is warranted.

**2. Failure to State a Claim**

Mr. Confino moves the Court to dismiss plaintiffs' claim under Rule 12(b)(6), failure to state a claim. He contends plaintiffs do not own a valid patent and submits exhibits which he argues shows a Chinese patent application for a stun gun similar to plaintiffs' U.S. patented product. In response, plaintiffs attach copies of their patent and assert that they instructed their Chinese manufacturer to obtain Chinese patents.[3]

When matters outside the pleadings are presented to and not excluded by the court, then a motion to dismiss must be treated as a motion for summary judgment. Fed.R.Civ.P. 12(d). However, when the court "does not rely upon an affidavit in dismissing a claim or when the district court makes clear that it ruled only on the motion to dismiss," *Casazza v. Kiser*, 313 F.3d 414, 418 (8th Cir. 2002), the motion to dismiss need not be converted into a motion for summary judgment. *See also Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir, 1999)(court may consider materials that are necessarily embraced by the pleadings in ruling on a motion to dismiss for failure to state a claim). The Court finds plaintiffs allege enough facts to state claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

**3. Motion for Default Judgment Against Maxsell**

Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process for the entry of default judgments. First, the party seeking a default judgment must have the Clerk enter

---

[3]Docket entry 18 at 2.

the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. Fed.R.Civ.P. 55(a). Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. Entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).

The Clerk entered a default against Maxsell on May 30, 2012. On June 22, 2012, the Court notified the corporation that it must be represented by licensed counsel or it would be in default. No counsel has entered an appearance for Maxsell. There has been no response to plaintiffs' second motion for default judgment against Maxsell.

The Court finds plaintiffs' motion for default judgment against Maxsell should be granted. Prior to entering judgment, the Court must have a hearing on the amount of plaintiffs' damages. The Court will schedule that hearing by separate order.

IT IS THEREFORE ORDERED that defendants' motion to dismiss [doc. 12] is denied.; plaintiffs' motion to strike [doc. 14] is denied; and plaintiffs' second motion for default judgment [doc. 16] is granted..

DATED this 5th day of September, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE